## Industrial Finance Co. v. Rupprecht

*Anthony H. Chambers* and *Chambers & Crisman*, for plaintiff.

*Regis T. Mutzabaugh, Berlin & Berlin, Houston & Daghir* and *Jos. J. Lee*, for defendants.

WEBB, P. J. (Fourth Judicial District, Specially Presiding), March 26, 1964.—Donald L. Ault, receiver of

the Industrial Finance Company, brought this bill in equity to recover from Edward J. P. Jacob, Robert E. Jacob, Joseph A. Hauber and Theodore J. Bauer as directors of the said finance company the amount of certain dividends authorized by the said board of directors from the years 1956 to 1961. It is the contention of the receiver that these dividends were authorized while the company was insolvent and were therefore illegal.

The Act of May 5, 1933, P. L. 364, art. 7, sec. 702, as amended, 15 PS §2852-702, provides, inter alia:

"The board of directors of a business corporation may, from time to time, declare and the corporation may pay dividends on its outstanding shares in cash or property other than its own shares, except when the corporation is insolvent or when the payment thereof would render the corporation insolvent or when the declaration or payment thereof would be contrary to any restriction contained in its articles, but—

"(1) Dividends may be declared and paid in cash or property only out of unreserved and unrestricted earned surplus of the corporation except as otherwise provided in this section;

"(2) No dividend shall be paid which would reduce the remaining net assets of the corporation below the aggregate preferential amount payable in the event of voluntary liquidation to the holders of shares having preferential rights to the assets of the corporation in the event of liquidation."

There is no doubt under the facts in this case that the Industrial Finance Company was insolvent from 1956 on, nor is there any doubt that the dividends declared were illegal.

The Act of May 5, 1933, P. L. 364, art. 7, sec. 707, further provides, inter alia:

"The directors of a business corporation shall not declare or pay dividends, or authorize or ratify the with-

drawal or distribution of any part of its assets to shareholders by the purchase of its shares or otherwise, except as authorized in this act. If any dividend shall be paid, or if any withdrawal or distribution of the corporate assets shall be made, except as provided in this act, the directors under whose administration the same were made, except those who shall have caused their dissent therefrom to be entered on the minutes of the meeting at which such action was authorized, or who being absent at the time shall have promptly filed their written objection thereto with the secretary of the corporation upon learning of such action, shall be jointly and severally liable to the corporation in the amount equal to the amount of the unlawful dividend or the unlawful withdrawal or distribution of assets. Any director against whom a claim shall be asserted under or pursuant to this section, and who shall be held liable thereon, shall be entitled to a contribution from the other directors who are likewise liable thereon, prorata, according to the number of such directors. Any two or more directors may be sued in the same action."

It would seem, therefore, under the provisions of this last quoted section, that Edward J. P. Jacob, Robert E. Jacob, Joseph A. Hauber and Theodore J. Bauer are liable, and indebted to the corporation for the indebtedness illegally authorized. However, the second paragraph in the same section provides as follows:

"A director shall not be liable under this section if he relied and acted in good faith upon financial statements of the corporation represented to him to be correct by the president or the officer of such corporation having charge of its books of account, or stated in a written report by an independent public or certified public accountant or firm of such accountants fairly to reflect the financial condition of such corporation."

Under the evidence of this case there is not a scintilla of evidence that any of the afore last-named direc-

tors had any knowledge that the company was insolvent during the years 1956 to the time of the appointment of a receiver, nor did they have any reason to suspect such was the case. And further, Edward J. P. Jacob, Robert E. Jacob, Joseph A. Hauber and Theodore J. Bauer acted entirely in good faith, relying entirely upon the representations and statements of the officers of the company, and we have so found.

In view of that, we do not see how Edward J. P. Jacob, Robert E. Jacob, Joseph A. Hauber and Theodore J. Bauer can in any way be compelled to repay the amount of the dividends so authorized by them during the years 1956 to 1961 or can be found liable in any way to the corporation. . . .

### Decree Nisi

And now, March 26, 1964, upon consideration of the foregoing case it is ordered, adjudged and decreed as follows:

1. The complaint of plaintiff against Edward J. P. Jacob, Robert E. Jacob, Joseph A. Hauber and Theodore J. Bauer be dismissed.

2. Plaintiff shall pay the costs of these proceedings.

3. If exceptions are not filed within 20 days hereof the decree nisi shall be entered as of course by the prothonotary as the final decree.

4. Prothonotary shall give prompt notice to the parties of the filing of this adjudication.